UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Civil Action No. ___: ~~3XXX~~____-____  3:23-cv-00782-MGL

| | |
|---|---|
| GE HEALTHCARE TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> PARNELL & PARNELL, P.A.; J. Matthew Parnell, Esq.; Amanda M. Scott, Esq.; and D&S, LTD., <br><br> Defendants. | **COMPLAINT** <br> **(Jury Trial Demanded)** <br><br> 1.  Legal Professional Negligence <br> 2.  Breach of Fiduciary Duty <br> 3.  Breach of Contract <br> 4.  Breach of Contract <br> 5.  Constructive Fraud |

Plaintiff, GE HEALTHCARE TECHNOLOGIES, INC., complaining of Defendants, PARNELL & PARNELL, P.A.; J. Matthew Parnell, Esq.; Amanda M. Scott, Esq.; and D&S, LTD., would respectfully allege and state to the Court facts sufficient to constitute causes of action against Defendants as follows:

**SUMMARY OF THE CASE**

1.  This legal malpractice, breach of fiduciary duty, breach of contract, and constructive fraud case arises from errors by the Defendant lawyers and errors by its Third-Party Administrator ("TPA") while the lawyers the TPA retained were representing GE HealthCare in a collections lawsuit. The lawyers failed for over 18 months to file a Reply in response to unfounded counterclaims by GE HealthCare's debtor that foreseeably led to the court placing GE HealthCare in default. The TPA also failed to inform GE HealthCare about the counterclaim or about the default for over 18 months, including withholding all information about the counterclaim and

about the default while having a group of GE HealthCare representatives travel to South Carolina to attend what turned out to be an unsuccessful mediation with the debtor that was—unknown to GE HealthCare—emboldened by the default. It was not until well after the time effective remedial measures should have been undertaken that the lawyers and TPA informed GE HealthCare about the counterclaims, the default, and their related errors. Now that GE HealthCare is in default effectively admitting the otherwise unfounded counterclaims by the debtor, GE HealthCare is facing a damages hearing with no ability to undertake discovery to challenge the debtor's alleged damages under the counterclaims and has incurred substantial legal fees and costs in an effort to mitigate the damages caused by Defendants.

## PARTIES

2.      Defendant, PARNELL & PARNELL, P.A. ("Parnell & Parnell"), is a law firm organized under the laws of the State of Alabama as a Professional Association and had offices in Richland County, South Carolina at the time of the events forming the basis of this lawsuit.

3.      Defendant, Amanda M. Scott, Esq. ("Ms. Scott"), is, upon information and belief, a citizen and resident of Richland County, South Carolina and is a lawyer licensed to practice law in South Carolina.

4.      Defendant, J. Matthew Parnell, Esq. ("Mr. Parnell"), is, upon information and belief, a citizen and resident of the State of Alabama and is a lawyer licensed to practice law in Alabama.

5.      Defendant, D&S, LTD. ("D&S") is a company organized under the laws of the State of Texas.

6.      Plaintiff, GE HEALTHCARE TECHNOLOGIES, INC. ("GE HealthCare"), is a corporation organized and existing under the laws of the State of Delaware with headquarters in

Chicago, Illinois.

## JURISDICTION

7. This Court has diversity jurisdiction over the subject matter of this action under 28 U.S.C. § 1332 because GE HealthCare seeks to recover a sum or value in excess of $75,000 and this controversy is between citizens of different States.

8. GE HealthCare is a corporate domiciliary of the State of Delaware.

9. Ms. Scott is a citizen and resident of the State of South Carolina; Parnell & Parnell is a corporate domiciliary of the State of Alabama; Mr. Parnell is a citizen and resident of the State of Alabama; and D&S is a corporate domiciliary of the State of Texas.

10. Based upon the acts, events, and occurrences stated, this Court has personal jurisdiction over Defendants, who include a resident of South Carolina, a corporate domiciliary of the State of Alabama, a resident of the State of Alabama, and a corporate domiciliary of the State of Texas.

11. This Court also has personal jurisdiction based on all Defendants' commissions of tortious acts in South Carolina causing financial damages to Plaintiff.

## VENUE

12. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(1) because this action was commenced in the judicial district in which Ms. Scott resides or is domiciled; and pursuant 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district through the acts and omissions of all Defendants.

## FACTS

13. In 2010, D&S entered into a Master Collection Services Agreement ("the Master

Agreement") with GENERAL ELECTRIC COMPANY ("GE")[1] to provide services and deliverables to benefit GE and its divisions and affiliates, including GE HealthCare. Under the Master Agreement, D&S was to provide what is commonly characterized as "Third Party Administrator" or "TPA" services where the TPA retains lawyers and law firms to pursue debt collection claims on behalf of a company, monitors those claims and proceedings, and consults with company on resolution of claims, counterclaims, and other matters concerning the collection proceedings. The Master Agreement refers to D&S as the "Service Provider."

14.     The Master Agreement, paragraph 9, subsection (m) titled <u>Adverse Claims</u>, directs that

> **[D&S] shall, immediately** upon [D&S]'s knowledge thereof, **notify [GE HealthCare] of all** complaints, **counterclaims**, actions or suits **received by [D&S] relating to any Account placed with [D&S] by [GE HealthCare]**, including, but not limited to, complaints, counterclaims, actions or suits received from or filed or made by any governmental agency or department, the Account Debtor or any persons residing with or relating to the Account Debtor, and/or other persons contacted by [D&S] in the course of collecting. In addition, [D&S] shall immediately notify [GE HealthCare] of any complaint, from any source, alleging a violation of a fair lending law or regulation. Copies of all written materials or communications relating to adverse claims, governmental investigations, and fair lending-related complaints shall be forwarded to [GE HealthCare]. [D&S] shall maintain a written log of all complaints received by [D&S], which shall be available for review by [GE HealthCare]'s auditors. (Emphasis added.)

15.     The Master Agreement, paragraph 10, subsection 10.2 titled <u>Indemnification by Service Provider</u>, directs

> **[D&S] shall indemnify, defend, and hold Company**, its Affiliates, and its and all of their respective officers, directors, employees and agents **harmless from and against any Losses, arising out of, connected with or resulting from (a) any act or omission of [D&S]** or any its officers, directors, shareholders, employees or **agents (including <u>attorneys retained by [D&S]</u>**); (b) breach by [D&S] of [D&S]'s

---

[1] GE HEALTHCARE TECHNOLOGIES INC. is a global medical technology company that was spun-off from GENERAL ELECTRIC COMPANY ("GE") on January 4, 2023, and is now a stand-alone entity. GE HealthCare was an operating Division of GE at the time D&S entered into the Master Agreement.

Obligations hereunder, including, without limitation, its obligation to ensure compliance by its agents with Requirements; and (c) any breach of any agreement or arrangement between [D&S] and any other person or entity. (Emphasis added.)

16. In 2013, MRI AT BELFAIR, LLC ("Belfair") entered into a lease agreement with a division of GE separate from GE HealthCare for an MRI scanner produced by GE HealthCare.

17. By March 2014, the MRI machine was installed at Belfair's facility and had a one-year warranty period. Belfair complained of problems with MRI scanner and GE HealthCare worked extensively on resolving the issues under the warranty, including replacing a gradient coil.

18. In March 2015, Belfair and GE HealthCare entered into a concession agreement whereby GE HealthCare made a cash payment to Belfair and extended the warranty for an additional year until March 6, 2016, in exchange for Belfair releasing and forever discharging GE HealthCare from all claims relating to Belfair's concerns about the MRI scanner. During the extended warranty period, Belfair complained twice about the components of the MRI scanner and GE HealthCare replaced the components at no charge to Belfair as quickly as possible both times.

19. In March 2016, Belfair and GE HealthCare entered into a service agreement concerning the MRI scanner, which required Belfair to pay for services and parts to maintain the MRI scanner.

20. By November 2017, GE HealthCare invoiced Belfair approximately $160,000 for various services and repairs to the scanner under the service agreement, and Belfair had failed to pay the invoices.

21. In January 2018, GE HealthCare's collection claim against Belfair was released to D&S under the Master Agreement for D&S to pursue and obtain a recovery against Belfair on behalf of GE HealthCare.

22. In March 2018, D&S sent an engagement letter to Parnell & Parnell on behalf of

GE HealthCare as the "creditor" to pursue claims against Belfair arising from Belfair's refusal to pay approximately $160,000 for parts and services GE HealthCare provided to maintain the MRI scanner Belfair was leasing from another division in GE. The engagement letter stated, "*Authorization by [GE HealthCare] is required before instituting any proceeding, incurring any expense, making any compromise, or granting any extension.*" (Emphasis added.)

23. Parnell & Parnell, Mr. Parnell, and Ms. Scott collectively accepted the representation of GE HealthCare to protect its interests and to pursue claims to recover actual damages for GE HealthCare's valuable breach of contract claims against Belfair.

24. On October 19, 2018, in the South Carolina Court of Common Pleas for Beaufort County, Ms. Scott and Parnell & Parnell filed a Summons & Complaint on behalf of GE HealthCare against Belfair seeking to recover approximately $160,000 for outstanding payments due on a services contract for an MRI machine GE HealthCare sold Belfair. This action will be referred to as "*the Lawsuit.*"

25. On January 2, 2019, Belfair filed an Amended Answer & Counterclaim alleging causes of action against GE HealthCare for breach of contract, violation of the South Carolina Unfair Trade Practices Act, Tortious Interference with Prospective Business Relations, and Fraud in the Inducement.

26. D&S did not inform GE HealthCare about Belfair's Counterclaims until approximately 18 months later.

27. Neither Parnell & Parnell, Mr. Parnell, nor Ms. Scott ever informed GE HealthCare about Belfair's Counterclaims.

28. February 6, 2019 was the due date for GE HealthCare's Reply to Belfair's Counterclaims.

29.     Parnell & Parnell and Ms. Scott knew or should have known Rule 12(a) and Rule 6(e) of the South Carolina Rules of Civil Procedure ("SCRCP") required filing GE HealthCare's Reply to Belfair's Counterclaims by February 6, 2019 to avoid GE HealthCare being in default under Rule 55, SCRCP.

30.     Parnell & Parnell and Ms. Scott knew or should have known Rule 6(b), SCRCP and Rule 6(e), SCRCP, required any agreement with counsel for Belfair to extend the time to file GE HealthCare's Reply to Belfair's counterclaims had be in writing and the extension could "not exceed[] the original" 30-day time to respond under Rule 12(a), SCRCP and the additional five days under Rule 6(e), SCRCP.

31.     Before the February 6, 2019 due date, Ms. Scott and Parnell & Parnell did not obtain a written agreement with counsel for Belfair for an extension of time to file GE HealthCare's Reply to Belfair's Counterclaims.

32.     Had Ms. Scott and Parnell & Parnell obtained a written agreement with counsel for Belfair, the maximum length of the extension would have added 35 additional days, which would have set March 13, 2019 as the due date.

33.     Ms. Scott and Parnell & Parnell did not at any time during their representation file a Reply on behalf of GE HealthCare to Belfair's Amended Answer & Counterclaim.

34.     On August 15, 2019, Belfair filed a "Request for Entry of Default" against GE HealthCare on the grounds Belfair served GE HealthCare with the Amended Answer and Counterclaim on approximately eight months earlier on January 23, 2019, and it had not filed a Reply.

35.     On August 16, 2019, the Clerk of Court for Beaufort County entered an "Entry of Default" into the record finding GE HealthCare had "not answered otherwise replied to the

Amended Answer and Counterclaim."

36. Ms. Scott and Parnell & Parnell did not file a Reply on behalf of GE HealthCare after receiving notice of Belfair's filing the "Request for Entry of Default" and the "Entry of Default" into the record.

37. Based on information from Parnell & Parnell, GE HealthCare understands D&S was aware of and involved in decisions related to whether to file a Reply on behalf of GE HealthCare.

38. D&S did not inform GE HealthCare about the Belfair's counterclaims and the default until the summer of 2020.

39. On November 13, 2019, Belfair filed a "Motion for Default Judgment" against GE HealthCare on Belfair's Counterclaims; and filed a "Motion to Dismiss for Failure to Prosecute" seeking dismissal of GE HealthCare's breach of contract claims.

40. Ms. Scott and Parnell & Parnell did not file a Reply on behalf of GE HealthCare after receiving notice of Belfair's filing the "Motion for Default Judgment" against GE HealthCare on Belfair's Counterclaims.

41. D&S did not inform GE HealthCare about the default until June / July 2020.

42. Neither Mr. Parnell nor Ms. Scott or anyone else with Parnell & Parnell ever informed GE HealthCare about the default.

43. On December 26, 2019, Ms. Scott and Parnell & Parnell sent counsel for Belfair a "settlement agreement" signed by Ms. Scott purporting to settle the entire dispute with Belfair—without ever advising GE HealthCare about the settlement negotiations or getting GE HealthCare's consent to settle or advising GE HealthCare was in default on Belfair's counterclaims.

44. GE HealthCare later informed Ms. Scott it did not approve of the terms in the

"settlement agreement" signed by Ms. Scott and refused to sign the "settlement agreement" as it contained provisions concerning the lease controlled by a separate Division in GE over which GE HealthCare had no control.

45. On January 13, 2020, Belfair filed a "Motion to Enforce Settlement Agreement, or, alternatively, Motion for Sanctions," claiming GE HealthCare "had engaged in a pattern of deceptive and/or misleading behavior and/or communications, intended to induce Defendants into giving up substantive rights regarding this litigation."

46. On January 30, 2020, the court transmitted notice to all parties advising Belfair's Motion for Default Judgment was set for hearing on February 26, 2020.

47. On February 20, 2020, Ms. Scott and Parnell & Parnell filed a "Motion to Continue" the Default Judgment hearing but chose not to file a Motion to Set Aside Entry of Default.

48. Effective March 23, 2020, Ms. Scott resigned her position as an Associate lawyer with Parnell & Parnell.

49. Because Ms. Scott filed no motion or other sought to have the Court enter an Order under Rule 11(b), SCRCP, relieving her as counsel for GE HealthCare in the Lawsuit with Belfair, Ms. Scott remains as counsel for GE HealthCare in the Lawsuit.

50. On May 5, 2020, a "Consent Order of Reference" was filed, referring the matter to the Hon. Ralph E. Tupper ("Judge Tupper") as a Special Referee to preside over the Lawsuit.

51. In late July 2020, GE HealthCare terminated the representation by Mr. Parnell, Ms. Scott and Parnell & Parnell and retained E. Mitchell Griffith, Esq. ("Mr. Griffith"), O. Edworth Liipfert, III, Esq. (Mr. Liipfert"), and GRIFFITH, FREEMAN & LIIPFERT, LLC to serve as lead counsel in the Lawsuit.

52. On July 29, 2020, Mr. Griffith and Mr. Liipfert filed a "Motion to Set Aside

Default" on behalf of GE HealthCare.

53. On September 18, 2020, Mr. Griffith and Mr. Liipfert filed a "Memorandum of Law Supporting Plaintiff's Motion to Set Aside Default" on behalf of GE HealthCare, which included an affidavit signed by Ms. Scott and an affidavit signed by Mr. Parnell. GE HealthCare filed this memorandum in an attempt to mitigate the damages caused by Ms. Scott's and Parnell & Parnell's acts and omissions below the standard of care and in breach of the contract for legal services. As demonstrated in later court findings, the other evidence did not support certain statements in Ms. Scott's affidavit.

54. On December 22, 2020, Judge Tupper issued an "Order Setting Aside Entry of Default."

55. On January 4, 2021, Belfair timely filed a "Motion to Reconsider Order Setting Aside Entry of Default."

56. After the motion was fully briefed and after Judge Tupper conducted a hearing, on October 25, 2021, Judge Tupper filed the "Order Granting Defendant's Motion to Reconsider and, in turn, Vacating Prior Order and Denying Plaintiff's Motion to Set Aside Entry of Default" ("the Order").

57. This Order found GE HealthCare's explanations for its default on the counterclaim and for its delay in moving to set it aside were unsatisfactory. Ms. Scott in her affidavit had claimed to have obtained a verbal unlimited extension of time and claimed that challenging counsel for Belfair for "not honoring the alleged unlimited oral extension" would "jeopardize settlement negotiations." One basis for Judge Tupper's ruling rejecting Ms. Scott's claims was Rule(6)(b), SCRCP, which requires extensions to be in writing and for a time "not exceeding the original time provided in these rules."

58. The Order found "it simply defies logic and common sense for any attorney or client believe that they had an unlimited oral extension after the adverse party seeks and obtains an entry of default against them, all the more so after the adverse party proceeds to pursue a default judgment thereon."

59. Parnell & Parnell acted by and through their employees and agents, including but not limited to Ms. Scott, Mr. Parnell, and Parnell & Parnell's other lawyers, staff and personnel, who acted within the course and scope of their employment and/or agency with all implied, inherent, apparent and express authority to so bind Ms. Scott, Mr. Parnell, and Parnell & Parnell, as master and principal by any negligent, willful, wanton and reckless actions and/or omissions making Parnell & Parnell vicariously liable for same under the principles and doctrines of non-delegable duty, corporate liability, apparent authority, agency, ostensible agency and/or *respondeat superior*.

60. The negligent acts, omissions, and liability of Parnell & Parnell includes its own acts and/or omissions and the acts and omissions of its agents, principals, employees and/or servants, including but not limited to those by Ms. Scott and Mr. Parnell, both directly and vicariously, under principles and doctrines of non-delegable duty, corporate liability, apparent authority, agency, ostensible agency and/or *respondeat superior*.

61. As of the filing of this lawsuit, Ms. Scott remains as counsel for GE HealthCare in the Lawsuit.

62. GE HealthCare understands Belfair seeks to recover over tens of millions of dollars in damages from GE HealthCare on Belfair's counterclaims—*now deemed admitted and true*—for breach of contract, violation of the South Carolina Unfair Trade Practices Act, Tortious Interference with Prospective Business Relations, and Fraud in the Inducement.

**FOR A FIRST CAUSE OF ACTION**
**(Legal Professional Negligence)**
**(Against Parnell & Parnell, Mr. Parnell, and Ms. Scott)**

63. The foregoing factual and jurisdictional allegations are reiterated and realleged as though set forth verbatim.

64. At all relevant times, a client-lawyer relationship existed between GE HealthCare, on the one hand as client, and Ms. Scott and Mr. Parnell, on the other as the lawyers.

65. Ms. Scott and Mr. Parnell owed professional duties to GE HealthCare to competently provide legal services, counsel, and advice regarding recovering on GE HealthCare's valuable claims against Belfair and otherwise protecting GE HealthCare's interests in the Lawsuit.

66. Ms. Scott and Mr. Parnell breached their professional duties to GE HealthCare based on their failure to meet the standard of care in the representation of GE HealthCare, including their failure to timely file and serve GE HealthCare's Reply to Belfair's counterclaims, which led to an Entry of Default against GE HealthCare.

67. Ms. Scott and Mr. Parnell breached their professional duties to GE HealthCare based on their failure to meet the standard of care in the representation of GE HealthCare, including their failure to advise GE HealthCare on the status of the Lawsuit.

68. Ms. Scott and Mr. Parnell failed to meet the minimum standard of care, thereby breaching their professional duties to GE HealthCare in other ways and by other such particulars as the evidence developed during discovery in this case may demonstrate.

69. As a direct and proximate result of Ms. Scott's and Mr. Parnell's breach of professional duties, GE HealthCare suffered actual damages, consequential damages, and incidental damages in an amount to be determined by the jury at the trial of this case.

70. As a direct and proximate result of Ms. Scott's and Mr. Parnell's negligence, gross

negligence, carelessness, recklessness, and utter disregard of their professional duties, GE HealthCare is entitled to recover punitive damages from Defendants.

71. WHEREFORE, GE HealthCare prays for judgment on this cause of action against Defendants, PARNELL & PARNELL, P.A.; Amanda M. Scott, Esq.; and J. Matthew Parnell, Esq., jointly and severally, for actual damages, consequential damages, and incidental damages, for punitive damages, and such other relief as the Court may deem reasonable and proper.

### FOR A SECOND CAUSE OF ACTION
### (Breach of Fiduciary Duties)
### (Against Parnell & Parnell, Mr. Parnell, and Ms. Scott)

72. The foregoing factual and jurisdictional allegations are reiterated and realleged as though set forth verbatim.

73. At all relevant times, a fiduciary relationship existed between Parnell & Parnell; Ms. Scott; and Mr. Parnell, on one hand as the law firm and lawyers, and GE HealthCare, on the other as the client.

74. Parnell & Parnell; Ms. Scott; and Mr. Parnell owed fiduciary duties to GE HealthCare.

75. Parnell & Parnell's; Ms. Scott's; and Mr. Parnell's fiduciary duties included the duty of loyalty, as well as the duty to act single-mindedly in preserving, protecting, and advancing GE HealthCare's rights and interests.

76. Parnell & Parnell; Ms. Scott; and Mr. Parnell failed to meet the minimum standard of conduct and thereby breached their fiduciary duties of loyalty based on their failure to inform GE HealthCare of their own errors in failing to timely file a Reply on behalf of GE HealthCare to Belfair's counterclaims and allowing GE HealthCare to go into default.

77. Parnell & Parnell; Ms. Scott; and Mr. Parnell failed to meet the minimum standard

of conduct in such other particulars as the evidence in this case may demonstrate.

78. Parnell & Parnell's; Ms. Scott's; and Mr. Parnell's acts and omissions in breach of their fiduciary duties to GE HealthCare substantially caused financial harm to GE HealthCare, and as such, GE HealthCare is entitled to recover actual damages, consequential damages, incidental damages, all in an amount to be proven at trial.

79. As a direct and proximate result of Parnell & Parnell's; Ms. Scott's; and Mr. Parnell's carelessness, recklessness, and utter disregard of their fiduciary duties, GE HealthCare is entitled to recover punitive damages from Parnell & Parnell; Ms. Scott; and Mr. Parnell.

80. WHEREFORE, GE HealthCare prays for judgment on this cause of action against Defendants, PARNELL & PARNELL, P.A.; Amanda M. Scott, Esq.; and J. Matthew Parnell, Esq., jointly and severally, for actual damages, consequential damages, and incidental damages suffered, and for punitive damages, and such other relief as the Court may deem reasonable and proper.

### FOR A THIRD CAUSE OF ACTION
**(Breach of Contract)**
**(Against Parnell & Parnell)**

81. The foregoing factual and jurisdictional allegations are reiterated and realleged as though set forth verbatim.

82. Parnell & Parnell entered into a contract with GE HealthCare, agreeing and contracting to provide competent and prudent legal services.

83. Parnell & Parnell breached its contract with GE HealthCare by failing to provide competent and prudent legal services.

84. As a direct and proximate result of Parnell & Parnell's breach of its contractual duties, GE HealthCare sustained actual, consequential, and incidental damages in an amount to be determined by the jury at trial.

85.  WHEREFORE, GE HealthCare prays for judgment on this cause of action against Defendant, PARNELL & PARNELL, P.A., for actual damages, consequential damages, and incidental damages, and such other relief as the Court may deem reasonable and proper.

## FOR A FOURTH CAUSE OF ACTION
### (Breach of Contract)
### (Against D&S)

86.  The foregoing factual and jurisdictional allegations are reiterated and realleged as though set forth verbatim.

87.  D&S entered into the Master Agreement with GE, including GE HealthCare, under which D&S agreed and contracted to provide GE HealthCare with competent and prudent TPA services.

88.  The Master Agreement requires D&S to "indemnify, defend, and hold [GE HealthCare] harmless from and against any Losses, arising out of, connected with or resulting from (a) any act or omission of Service Provider or any its officers, directors, shareholders, employees or agents (including attorneys retained by Service Provider)."

89.  D&S breached its contract with GE HealthCare by failing to provide competent and prudent TPA support services.

90.  D&S breached its contract with GE HealthCare by failing to "indemnify, defend, and hold [GE HealthCare] harmless from and against any Losses, arising out of, connected with or resulting from (a) any act or omission by" Parnell & Parnell, who were the "attorneys retained by" D&S to pursue GE HealthCare's claims against Belfair.

91.  As a direct and proximate result of D&S's breach of its contractual duties, GE HealthCare sustained actual, consequential, and incidental damages in an amount to be determined by the jury at trial.

92. WHEREFORE, GE HealthCare prays for judgment on this cause of action against Defendant, D & S, LTD., for actual damages, consequential damages, and incidental damages, and such other relief as the Court may deem reasonable and proper.

### FOR A FIFTH CAUSE OF ACTION
(Constructive Fraud)
(Against all Defendants)

93. The foregoing factual and jurisdictional allegations are reiterated and realleged as though set forth verbatim.

94. Defendants had duties to GE HealthCare to inform and explain to GE Healthcare the existence of any counterclaim alleged in Belfair's pleadings in the Lawsuit.

95. Defendants knew or should have known that GE HealthCare was relying on the special confidence imposed upon the Defendants based on their professional, fiduciary, and contractual duties owed to GE HealthCare.

96. Defendants were, in equity and good conscience, bound to act in good faith and with due regard to GE HealthCare's interests.

97. Defendants chose not to inform and explain to GE HealthCare the existence of the counterclaim against GE HealthCare alleged in Belfair's pleadings in the Lawsuit.

98. Defendants' false statements and omissions fraudulently and materially misled GE HealthCare about the existence of the counterclaim against GE HealthCare alleged in Belfair's pleadings in the Lawsuit.

99. GE HealthCare had no reason to know the falsity of the Defendants' omissions and false statements.

100. GE HealthCare justifiably and in good faith relied upon the Defendants' omissions and false statements to its pecuniary detriment.

101. GE HealthCare suffered and will continue to suffer pecuniary damages as an actual and proximate result of the Defendants' material omissions and false statements.

102. Based upon the Defendants' acts and omissions constituting and effecting a constructive fraud, GE HealthCare is entitled to an award of punitive damages in an amount determined by the jury.

103. WHEREFORE, GE HealthCare prays for judgment on this cause of action against Defendants, PARNELL & PARNELL, P.A.; Amanda M. Scott, Esq.; and J. Matthew Parnell, Esq., jointly and severally, for actual damages, consequential damages, and incidental damages suffered, and for punitive damages, and such other relief as the Court may deem reasonable and proper.

## TRIAL BY JURY

104. GE HealthCare requests and demands a jury trial on all claims and issues so triable.

## EXPERT AFFIDAVIT

105. Under S.C. CODE ANN. § 15-36-100(B) (2006), filed with this Complaint and incorporated herein by reference as **Exhibit 1**, is the affidavit of Justin S. Kahn, Esq., which specifies at least one negligent act or omission by the Defendant lawyers and the factual basis for each claim based on the available evidence at the time of filing the affidavit.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, GE HEALTHCARE TECHNOLOGIES, INC., prays for judgment on all causes of action plead against Defendants, PARNELL & PARNELL, P.A.; J. Matthew Parnell, Esq.; Amanda M. Scott, Esq.; and D&S, LTD., jointly and severally, for all actual damages, consequential damages, and incidental damages, and for punitive damages, all in an amount to be proven at trial, and the costs of this action, and for such other and further relief as this Honorable

Court may deem just and proper.

                                              Respectfully submitted,

                                              /s/ Thomas A. Pendarvis
                                              Thomas A. Pendarvis (Fed. Id. 5785)
                                              Christopher W. Lempesis, Jr. (Fed. Id. 11462)
                                              PENDARVIS LAW OFFICES, P.C.
                                              710 Boundary Street, Suite 1-A
                                              Beaufort, SC 29902
                                              843.524.9500
                                              Thomas@PendarvisLaw.com
                                              Chris@PendarvisLaw.com

                                              Counsel for Plaintiff, GE HEALTHCARE
                                              TECHNOLOGIES, INC.

Beaufort, South Carolina

February 27, 2023